86 F.3d 1163
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Elisabeth NEWMAN; Christina Newman, By and Through Guardian
ad Litem Steve Newman; Allison Newman, By and Through
Guardian ad Litem Steve Newman; Jonathan Newman, By and
Through Guardian ad Litem Steve Newman; Steve Newman,
individually; Holly H. Newman; Micah Newman, Plaintiffs-Appellants,
v.
UNITED STATES of America, and Doe 1 through Doe 8,
Inclusive, Defendants-Appellees.
 No. 95-15443.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 16, 1996.
Decided May 23, 1996.
 
 Before: ALARCON, BEEZER, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Steve Newman, on behalf of his daughter Elisabeth Newman and other family members,[1] (collectively Newman) appeals the district court's entry of summary judgment in favor of the United States (government) on his negligence claim under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) et seq. Newman's claim arose out of burn injuries Elisabeth sustained when she entered a hot pool at the Hot Creek Geothermal Area in the Inyo National Forest.
 
 
 3
 We have jurisdiction, 28 U.S.C. § 1291, and affirm for the reasons stated by the district court. Given the warning signs, barricades and warning tape in place, there is no triable issue of fact whether the United States Forest Service wilfully, maliciously, or with reckless disregard failed to avoid the danger. See Mattice v. United States Dept. of Interior, 969 F.2d 818 (9th Cir.1992). There was no hidden peril with no effort to warn of the danger here, as there was, for example, in Termini v. United States, 963 F.2d 1264 (9th Cir.1992). Nor is the "suitability" exception still available in California. Ornelas v. Randolf, 847 P.2d 570, 569 (Cal.1993). Finally, neither the text of the statute nor the decisional law suggests that the government owes a higher duty of care under Calif.Civ.Code § 846 simply because the injury involved a child. See id. at 561-62.
 
 
 4
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Specifically, the complaint was filed by Elisabeth Newman, Christina Newman, Allison Newman, Jonathan Newman, by and through their Guardian ad Litem, Steve Newman, Holly Newman, and Micah Newman